N.F. v J.J. (2025 NY Slip Op 51530(U))

[*1]

N.F. v J.J.

2025 NY Slip Op 51530(U)

Decided on September 25, 2025

Family Court, New York County

Lewis, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 25, 2025
Family Court, New York County

N.F., Petitioner,

against
J.J., Respondent.

Docket No. V-07021-20/21A

Law Office of Ava G. Gutfriend (Ava Gutfriend, of counsel) of Bronx, NY, for petitioner
Daniel H. Stock, PLLC (Daniel Stock, of counsel) of New York, NY, for respondent

Anna R. Lewis, J.

The Court having received respondent's letter dated September 18, 2025, which the Court construes as a letter motion pursuant to Family Court Act § 165(a) and CPLR 4403 to vacate or modify the report and recommendation in this proceeding dated September 18, 2025 (Brian Krist, Special Master), and the Court having considered respondent's supplemental letter dated September 20, 2025, petitioner's letter in opposition dated September 22, 2025 (which the Court construes as a letter cross-motion to confirm) and respondent's reply letter dated September 22, 2025, the Court finds that the parties have receive a full and fair opportunity to be heard on whether to confirm, reject, or modify the report.[FN1]
Having heard the parties, the Court denies respondent's motion, grants petitioner's cross-motion, and confirms the report in full. To the extent that respondent challenges the case management plans respectively dated September 2, 2025 and September 16, 2025 (same special master) as having been brought up with the report and recommendation for review, respondent's objections to them are similarly denied and the case management plans are confirmed as well.
The Court presumes familiarity with the report itself, in which the special master recommended that the Court deny respondent's application for a 90-day stay of proceedings to recover attorney's fees and instead recommended that the Court deny respondent's fee motion without prejudice to re-commencing that application in no less than 90 days. Respondent's objection is grounded in the apparent belief that the recommended denial that is expressly "without prejudice to respondent seeking the same or similar relief," would have prejudicial effect. Report, at 1. Specifically, respondent argues that "[s]hould the Court adopt Mr. Krist's Report and Recommendation and dismiss the motion, when Respondent seeks to re-file[,] Petitioner could argue that Respondent "has already had one bite at the apple," and by re-filing was trying to relitigate an issue that had been previously addressed - and denied - by the court." [*2]Respondent's Supp. Ltr. in Supp., at 1. Petitioner on the other hand notes that "[r]espondent's concern about preclusion or procedural disadvantage is unfounded," as [t]he Report plainly states that the parties would return to the same posture as at the time of the initial referral," and "[t]here is no language or implication of finality that would bar re-filing." Petitioner's Ltr. in Opp., at 1. Respondent replies that it is "disingenuous that the parties could resume their posture in a re-filed motion," and that petitioner's litigation of this proceeding "strongly indicates that [petitioner] would, indeed, argue that [respondent] had neglected her own motion, and that respondent should not risk "such a likely attack." Respondent's Ltr. in Reply, at 1. 
Respondent is wrong.
As the special master noted, "the parties would be procedurally where they were at the time of the Court's initial reference to [the special master] in August of this year," upon re-filing as contemplated. Report, at 1. Respondent's argument that they are prejudiced by a denial without prejudice that the special master correctly noted was, in effect, a "recommendation to mark this off," pending respondent's recovery is seeking to generate a substantive difference where none exists. Report, at 1-2. The special master noted, and the Court finds, that respondent is not aggrieved by what is a distinction without a difference. The parties will presumably use the time recommended to conduct the preparations they intended to complete during the same 90-day period (regardless of how it is named) and proceed when they are substantively ready and respondent has had the opportunity to recover, which satisfies due process. Cf., Appeal of Johnson, 2017 NY Educ. Dept. LEXIS 243, *26-28 (Commr. of Educ. Nov. 27, 2017) (under circumstances presented, accommodating health care issue necessary to afford due process).
Respondent's late-stated objections to what they characterize as the special master's "very aggressive" schedule to proceed are neither properly before the Court at this stage nor well-founded even if they were. Respondent did not file any objections to either of the case management plans until after the special master issued the report and recommendation, notwithstanding the special master expressly advising the parties in both case management plans of their opportunity to object to the Court. Sept. 2, 2025 Case Mgt. Plan, at 2; and Sept. 18, 2025 Case Mgt. Plan, at 2. Respondent did not raise any health-related needs for an adjournment until after the second case management plan either, at which time the special master afforded the same functional relief respondent sought (time) albeit through a different procedural vehicle (a denial without prejudice rather than a long-term stay) as sought. Sept. 15, 2025 Email by Daniel Stock at 11:25am; and Sept. 18, 2025 Email by Daniel Stock at 2:20pm. Moreover, the Court referred this matter with the expectation that the parties were ready to promptly proceed on a motion that had been pending for some time, "it would be imprudent to give the parties such control over the court's schedule," and the special master correctly held them to a prompt timetable. Trejo v. Franklin, 2006 U.S. Dist. LEXIS 63634, *3 (D. Col. Sept. 6, 2006). That is not a basis to revisit the special master's recommendation. 
Accordingly, it is
ORDERED that respondent's letter motion pursuant to Family Court Act § 165(a) and CPLR 4403 to vacate or modify the report and recommendation in this proceeding dated September 18, 2025 is denied; and it is further
ORDERED that petitioner's letter cross-motion pursuant to Family Court Act § 165(a) and CPLR 4403 to confirm the report and recommendation in this proceeding dated September 18, 2025 is granted; and it is further
ORDERED that the report and recommendation in this proceeding dated September 18, 2025 is confirmed in full; and it is further
ORDERED that the case management plans in this proceeding respectively dated September 2, 2025 and September 16, 2025 are confirmed in full; and it is further
ORDERED that respondent's order to show cause for counsel fees to be recovered pursuant to DRL 237 and the decision and order of the Court dated April 9, 2025 is denied without prejudice to respondent seeking the same or similar relief no earlier than 90 days from the date of the report at issue in this motion in the manner set forth in the report.
This constitutes the Decision and Order of the Court.
Dated: September 25, 2025
Hon. Anna R. Lewis

Footnotes

Footnote 1:The report is published as 2025 NY Misc. LEXIS 7452.